UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JOHN H. UNDERHILL, <br>     PLAINTIFF, <br> <br> v. <br> <br> STUART A. BEST, <br> GARY D. POPOVITS, & <br> BRANDT, PEZZETTI, VERMETTEN <br> & POPOVITS, P.C., <br>     DEFENDANTS. | NO. 2:17-CV-154 <br> <br> HONORABLE PAUL L. MALONEY |

## OPINION

### I.

Water damage is no joke—in this case, a faulty sump pump spawned a $20,000 insurance claim, an interpleader suit brought in state court, and this suit for violation of the Fair Debt Collection Practices Act.

Plaintiff John Underhill is a consumer and homeowner, and he suffered water damage to his basement. Luckily, his homeowner's insurance policy covered the damage, and his insurer issued a check made out to Underhill and his mortgagor, Soo Co-Op Credit Union. Underhill endorsed the check and deposited it with Soo Co-Op.

Underhill selected an entity called Lechner Construction to perform the necessary repairs to his basement. However, Underhill asserts that Lechner Construction did not perform as agreed, so he chose to terminate the arrangement, and he did not have the

1

company "reconstruct" the basement. After that, he says that he agreed with Lechner Construction for the payment of a lesser amount for its already-performed work.

On June 9, 2017, Underhill told Soo Co-Op to issue a cashier's check to Lechner Construction for $17,135.96 to pay for the repairs. At some point in this process, Underhill also called Soo Co-Op and told it to apply a portion of the insurance proceeds as his July mortgage payment.

The cashier's check never made it to Lechner Construction's account. Mark Lechner signed an affidavit averring that the check had been fraudulently signed over to Underhill and that Lechner Construction had never been paid for any of its work. The company also refused to execute a waiver for its lien on Underhill's home. Underhill asserts that Lechner Construction was not licensed and insured pursuant to Michigan law, so it was not entitled to any proceeds for its work.

Instead of going to Lechner Construction, the check was deposited in Underhill's account at mBank. But as a result of the alleged forgery, mBank reversed the deposit and issued a check back to Soo Co-Op Credit union and placed a stop-payment on the check. The full amount of the check was no longer in Underhill's account, so mBank withdrew what it could from Underhill's account ($6,063.22) and charged him for the remaining $11,072.74.

After taking these steps, mBank filed an interpleader complaint in state court, naming Underhill, Lechner Construction, and Soo Co-Op as defendants. Essentially, mBank did not know who owed what, and it wanted the court to resolve the issue.

Soo Co-Op retained Defendant Stuart Best to represent it in resolving issues arising out of Underhill's insurance claim, including the interpleader action. In that capacity, Best allegedly called Underhill once and wrote two letters to him that form the basis for this Fair Debt Collection Practices Action.[1]

In a letter dated July 14, 2017, Best wrote to Underhill to advise him that Soo Co-Op had retained him. He informed Underhill of the circumstances leading to his retention—as has been summarized above. And Best informed Underhill that the remaining funds in escrow at Soo Co-Op would not be applied as a payment on his mortgage because of the outstanding issues in the interpleader suit. Best also wrote that the funds would remain in escrow until a full waiver of lien and completion certificate was issued by Lechner Construction. Best concluded the letter by informing Underhill that, because the escrow funds could not be used as a mortgage payment, his July payment was past due. Best closed the letter by indicating that Underhill could expect Soo Co-Op to continue to communicate with him about his mortgage payments, but that "any other communication regarding this matter is to be directed to me. I will address all issues as to the check insurance proceeds as well as the release and waver [sic] of the lien."

Best wrote a second letter to Underhill on August 31, 2017, again addressing the funds remaining in escrow at Soo Co-Op. This time, Best wrote to inform Underhill that the amount of money that did not pertain to Lechner's repair bill or the previous attempted mortgage payment was considered insurance proceeds relating to Underhill's loss of personal

---

[1] Plaintiff does not refer to any phone call in his Complaint—the only allegation comes from Underhill's response to Best's motion to dismiss. Facts not pleaded in a Complaint cannot be considered when determining a motion to dismiss.

property. Best instructed Underhill to complete an attached form releasing Soo Co-Op from liability for releasing the funds and indicated that the funds would be released upon its receipt.

## II.

Underhill now brings claims against Best under the Fair Debt Collection Practices Act. He alleges Best violated the Act in the following ways:

(A) Claiming that the Plaintiff is indebted to the credit union in the amount of the check attached as ex. "A", in violation of 15 USC §1692e(2)(A), for falsely representing the "character", "amount" and/or "legal status" of a debt because there is no "debt" because the credit union has, at most, a security interest to protect, "Lechner" cannot claim it/he/she is owed any money as a matter of law AND there cannot be a "debt" arising out of the Plaintiff's own insurance proceeds AND the credit union does not have legal standing to even be involved in a dispute between the Plaintiff and "Lechner" because "Lechner" does not exist as ANY legal entity;

(B) Falsely claiming that the Plaintiff committed a crime or other conduct, based simply on the bald allegations of a 3rd party, simply to disgrace the Plaintiff, in violation of 15 U.S.C. §1692e(7);

(C) After being informed of the above by the Plaintiff about "Lechner" continuing to claim that the Plaintiff was/is indebted to the credit union, which was false and/or deceptive, in violation of 15 U.S.C. § 1692e(10);

(D) Attempting to collect the amount of the check attached as exhibit "A" when it was not expressly authorized by any agreement, or permitted by law because "Lechner" is prohibited by law from seeking any compensation for performing

4

work on the Plaintiff's home, as more particularly described above, in violation of 15 USC §1692f(1); and

(E) Threatening to take legal action to collect a "debt" it knew did not exist, could not legally be taken and/or without any intention of doing so, in violation of 15 U.S.C. § 1692e(5).

Best filed the instant motion to dismiss in lieu of an answer. He asserts that he is entitled to dismissal from the action either because he was not acting as a "debt collector" or, in the alternative, because his actions did not violate the FDCPA.

## III.

*A. What is the proper analytic framework?*

As a general rule, when considering a 12(b)(6) motion to dismiss, matters outside the pleadings may not be considered by the court. *Sims v. Mercy Hospital of Monroe*, 451 F.2d 171, 173 (6th Cir.1971). If matters outside the pleading are considered, the motion must be converted to a motion for summary judgment under Fed. Rule Civ. P. 56. *Carter v. Stanton*, 405 U.S. 669, 671 (1972). Once the motion is converted, all parties must be given a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d).

Despite the general rule, a court may consider a document outside the pleadings if the pleadings refer to it. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). "Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Id.* (internal citations omitted).

Best has attached four documents to his motion, and the Court finds that all four documents are referenced within the complaint:

- Exhibit 1 is the affidavit of Mark Lechner
- Exhibit 2 is the state court interpleader complaint
- Exhibits 3 and 4 are the letters Best wrote to Underhill.

Because all of these documents, as well as the documents Underhill attached to his response are all referenced within Underhill's complaint, the proper standard is under Rule 12.

For purposes of a motion to dismiss under Rule 12, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

*B. Was Best acting as a debt collector?*

First, Best argues that Underhill's claims against him fail because the animating purpose of his communications (the letters) was not "in connection with the collection of a debt."

To fall within the scope of the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (emphasis added). "The text of § 1692e makes clear that, to be actionable, a communication need not itself be a collection attempt; it need only be 'connect[ed]' with one." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011). However, it is equally clear that "'the statute does not apply to every communication between a debt collector and a debtor.'" *Id.* (quoting *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010)) (emphasis in original).

When a defendant argues that the case should be dismissed at the pleading stage on such a theory, the question for the Court is whether it is plausible, based on the facts alleged in the complaint, that one of the purposes animating the defendant's decision to send the communication was to induce payment. *See Estep v. Manley Deas Kochalski*, 552 F. App'x 502, 505 (6th Cir. 2014).

The Sixth Circuit has also provided a number of factors for consideration: (1) the nature of the relationship of the parties; (2) whether the communication expressly demanded payment or stated a balance due; (3) whether it was sent in response to an inquiry or request by the debtor; (4) whether the statements were part of a strategy to make payment more likely; (5) whether the communication was from a debt collector; (6) whether it stated that it

7

was an attempt to collect a debt; and (7) whether it threatened consequences should the debtor fail to pay. *Goodson v. Bank of Am.*, N.A., 600 F. App'x 422, 432 (citing Grden, 643 F.3d at 173; *McDermott v. Randall S. Miller & Assocs., P.C.*, 835 F. Supp. 2d 362, 370–71 (E.D. Mich. 2011)).

A review of the letters Best wrote to Underhill make clear that it is not plausible that an animating purpose of the communications was to induce payment on a debt.

The first letter, written July 14, 2017, was introductory in nature. The heading of the letter noted that it pertained to Underhill's "Insurance Claim." Best introduced himself as the attorney retained by Soo Co-op for all matters relating to the insurance proceeds. He informed Underhill of the credit union's position as to the interpleader case. He then explained that Underhill's prior request that part of the insurance proceeds be applied to his mortgage payment could not be done because the proceeds were being held in escrow pending the result of the interpleader action. Because of this, Underhill's payment was late.

But, Best did not demand payment of the mortgage, and he did not even want to communicate with Underhill as to the mortgage. He said, "you will continue to receive calls and correspondence from [Soo Co-op] as to the past due amount on your mortgage loan. Any other communication regarding this matter is to be directed to me. I will address all issues as to the check insurance proceeds as well as the release and waver [sic] of the lien." Ostensibly, the only reason that Best mentioned the mortgage at all was because Underhill had attempted to use the escrowed funds to make a payment. Best did not threaten consequences should Underhill fail to pay. Thus, the Court concludes that Underhill has failed to state any claim in relation to the first letter because it is not plausible that an

animating purpose of the letter was to induce payment by Underhill. *See Esteps*, 552 F. App'x at 508 (affirming dismissal of FDCPA claims where communications during mortgage foreclosure were not plausibly meant to induce payment).

The same rationale applies to the second letter. The second letter also specifically referred to the insurance claim filed by Underhill, and this time, Best made no reference to Underhill's mortgage, other than mentioning Underhill's prior request to have a payment applied. Best went on to inform Underhill that he only needed to complete a release before Soo Co-op would release the portion of funds relating to the insurance claim that were not covered by the pending interpleader. For all of the same reasons pertaining to the first letter, Underhill cannot maintain a cause of action premised on this letter under the FDCPA it is entirely implausible that it was sent with an animating purpose of inducing payment. Thus, the only two contacts that Underhill pleaded are insufficient to give rise to any cause of action under the FDCPA against Best. Accordingly, the Court will grant Best's motion to dismiss on these grounds.

*C. Has Underhill pled facts sufficient to conclude that Best's actions violated the FDCPA?*

Even if Best's actions did have the animating purpose of collecting on a debt, he would still be entitled to dismissal.

First, Underhill asserts that Best falsely represented that Underhill was indebted to the credit union in the amount of $17,135.96. There is no factual basis for this assertion. Underhill's theory is that Best's statement was false because Lechner Construction was unlicensed and thus, under state law, could not recover. Underhill's assertion reflects a misunderstanding of the nature of the interpleader. Best was not falsely asserting that

9

Underhill owed the credit union anything; he was merely explaining the credit union's position in the interpleader. Lechner's status as a licensed or unlicensed contractor had not been adjudicated, so it is irrelevant to the letter Best wrote. Underhill is also incorrect that Soo Co-Op had no standing to be involved in the dispute between Underhill and Lechner Construction. Mortgagors have a long-recognized right to ensure that their property interest is protected. The insurance proceeds check was issued jointly to Underhill and Soo Co-Op. Thus, Underhill has not pleaded facts that could even plausibly give rise to a claim under Section 1692e(2)(A) of the FDCPA.

Second, Underhill has not proffered a sufficient factual basis to maintain a claim that Best threatened to take an action that cannot legally be taken or is not intended to be taken under 15 U.S.C. § 1692e(5). The litigation was already underway, and it was not even filed by Soo Co-Op. The interpleader named both Soo Co-Op and Underhill as defendants, and it was meant to resolve the dispute over Lechner's claim to the insurance proceeds for work it had performed. Best did not mention any other type of legal process in either letter. Thus, even in the light most favorable to Underhill, he has not stated facts that could plausibly give rise to a claim under this section.

Third, Underhill makes the bald assertion that Best falsely represented or implied that Underhill had committed a crime, a violation of § 1692e(7). This too is wholly implausible. The closest Underhill comes to pleading a violation is Best's statement in the July 14, 2017 letter that Soo Co-Op "had been advised that Lechner claims that they did not negotiate the check." Thus, the implication could be that Underhill had fraudulently negotiated the check to himself. However, this statement does not fall within the purview of

§ 1692e(7) because Best was merely relating Lechner Construction's position as to the interpleader action. Even in the light most favorable to him, Best falls well short of pleading facts that Best himself had represented that Underhill had committed a crime.

Finally, Underhill alleges that Best used false representations or deceptive means to collect on a debt and that Best was attempting to collect on a debt that was not expressly authorized by any agreement. Once again, these claims must fail because Best's letters were explicitly relating to the insurance claim and the subsequent dispute over the insurance proceeds. As to the former, Best never asserted that Underhill was indebted to the Soo Co-Op for any portion of the insurance claim. Best was only relating the credit union's position as to the interpleader. As to the latter, the letters plainly state that Best is representing Soo Co-Op in the interpleader. Best was *not* attempting to collect on a debt, and certainly not a debt that was not expressly authorized or permitted by law, as required under § 1692f(1). Again, Best never attempted to collect the insurance proceeds from Underhill. Underhill has simply not pleaded facts that would support these claims, so dismissal is warranted.

**IV.**

Based on the foregoing, the Court will grant Defendant Best's motion to dismiss for failure to state a claim.

# ORDER

For the reasons contained in the accompanying Opinion, the Court **GRANTS** Defendant Stuart Best's motion to dismiss. (ECF No. 10.)

**IT IS SO ORDERED**.

Date:    May 10, 2018                    /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge