UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JOHN H. UNDERHILL,<br>    PLAINTIFF,<br><br>v.<br><br>STUART A. BEST,<br>GARY D. POPOVITS, &<br>BRANDT, PEZZETTI, VERMETTEN<br>& POPOVITS, P.C.,<br>    DEFENDANTS. | NO. 2:17-CV-154<br><br>HONORABLE PAUL L. MALONEY |

## ORDER

This matter is before the Court on Plaintiff John Underhill's Objections to the Report and Recommendation, which concluded that Defendant Stuart Best should be awarded attorney's fees in the amount of $9,528.10 under 28 U.S.C. § 1927.

A magistrate judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues. *Massey v. City of Ferndale*, 7 F.3d 506, 510–11 (6th Cir. 1993). After being presented with the Magistrate Judge's report and recommendation, the district court must then conduct a de novo review of the findings and issue an order as it sees fit. *Id.* at 510. The district court cannot simply "concur" in the magistrate's findings, but it must conduct its own review in order to adopt the recommendations. *Id.*

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings

1

in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

"A court may sanction an attorney under § 1927, even in the absence of bad faith, when the attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31 (6th Cir. 2012) (citing *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 396 (6th Cir. 2009); *Hall v. Liberty Life Assur. Co. Of Boston*, 595 F.3d 270, 275 (6th Cir. 2010)).

The magistrate judge found sanctions in appropriate in this matter because Underhill knew or should have known that he was pursuing frivolous claims against Best. In fact, this Court described Plaintiff's claims as "wholly implausible" in granting the motion to dismiss. The magistrate judge also discussed an FDCPA case from the Eastern District of Michigan in which the court awarded sanctions. *Mabbitt v. Midwestern Audit Serv., Inc.*, 2008 WL 1849620 (E.D. Mich. Apr. 23, 2008). There, the court found that the defendant "never attempted to collect a debt; it simply notified [the plaintiff] that an outstanding balance was transferred to her new account." *Id.* at 3. The court also found that the plaintiff only received one letter from the defendant and that the defendant did not use an abusive method to collect the debt. *Id.* Based on these facts, the court held "that the FDCPA claims pursued by Plaintiff were frivolous and that Plaintiff's counsel knew or reasonably should have known this." *Id.* Therefore, the *Mabbitt* court determined that sanctions pursuant to § 1927 were warranted. *Id.*

The magistrate judge concluded that, like *Mabbitt*, sanctions were warranted because Underhill received only two letters and one phone call from Best, and this Court had determined that the communications were not animated by an intent to induce payment of a debt. Further, Underhill had wholly failed to respond to Best's arguments that his action had not actually violated the FDCPA. Accordingly, the magistrate judge determined the reasonable amount of attorney's fees owed by using the lodestar method. Best's counsel attested to spending 31.9 hours working on this matter (22.5 to Attorney Hengeveld and 9.4 to Attorney Mitzel) and averred that the market rate for their work was $309 and $274 respectively, resulting in a total award of $9,528.10.

Underhill's objections fail to present any developed argument as to how or why the magistrate judge erred by recommending the Court grant sanctions in the amount of $9528.10. For example, Underhill's first objection, (A), generally asserts that the magistrate judge erred by finding an award of sanctions proper because he did not act unreasonably or vexatiously. Plaintiff develops no argument or analysis to support his position, and he fails to address any of magistrate judge's analysis or the the caselaw cited in support. This type of conclusory objection is not entitled to *de novo* review.

Several of the objections (B, C, D, & F) relate to specific facts that do not bear on whether Best violated the FDCPA or whether Underhill's claims were frivolously pursued. Objection (B) asserts that Lechner Construction agreed to a reduced payment to set off legal services Underhill had previously rendered. This "fact" is not in the complaint or briefing. Objection (C) asserts that Underhill never dealt with anyone named Mark Lechner (the individual that signed the affidavit asserting that the insurance proceeds check to Lechner

3

Construction had been fraudulently signed over). This assertion has no bearing on either the underlying motion to dismiss or the motion for sanctions. Objection (D) proceeds in a similar fashion, clarifying that Lechner Construction allegedly signed a waiver of its right to payment, referring the Court to a rambling, 18-page narrative in the form of an affidavit that he filed in response to the motion for sanctions. Once again, this has no bearing on Stuart Best's actions and certainly no bearing on the motion for sanctions. At best, it represents an attempt to flesh out facts that were absent from Plaintiff's complaint. Finally, in objection (F) Underhill says the interpleader action was an action for a money judgment for a debt owned by Underhill. Once again, Plaintiff has provided no legal argument or analysis for how the characterization of the interpleader action affects the instant motion.

Objections (E), (H), and (I) are outright attempts to relitigate the motion to dismiss. Underhill asserts that there was an additional contact between himself and Soo Co-Op and/or Best that the Court should have taken into consideration. He asserts that he had a conversation with someone at Soo Co-Op who told him that he needed to call Best to discuss the debt he owed to it. This objection is frivolous for at least three reasons. First, Best does not have vicarious liability under the FDCPA for what a Soo Co-Op employee told Underhill. Second, this alleged contact is nowhere in the pleadings, and thus the Court could not have considered it. Third, even taking this assertion to be true, it has no bearing on the motion for sanctions.

Similarly in Objection (H), Underhill asserts that there was more than one contact by phone that should have been considered for purposes of analyzing whether Best violated the FDCPA—once again, an attempt at relitigating the motion to dismiss. But the Court has

already noted that Underhill's complaint was conspicuously devoid of mention of any phone calls between Underhill and Best.

Plaintiff next insists in Objection (I) that the Court should have judicially estopped Best from asserting that he was not operating as a debt collector because he has admitted as much in a case pending in the Northern District of Ohio. This is a frivolous argument and yet another attempt to relitigate the motion to dismiss. As the Court as already explained, whether a defendant is acting as a debtor collector depends on a number of factors specific to the relationship between the alleged debt collector and debtor—it is not a constant that can be assumed from other, unrelated litigation. (*See* ECF No. 15 at PageID.125-126.)

Finally, Underhill objects to the magistrate judge's use of a footnote to indicate that, even after receiving an extension, Underhill did not timely file his response to the motion for sanctions. The Court finds nothing objectionable about the objectively correct observation—made without further comment—by the magistrate judge.

Thus, the Court **ADOPTS** the Report and Recommendation (ECF No. 33) as the Opinion of the Court. Underhill's Objections (ECF No. 35) are **OVERRULED.**

Defendant Stuart Best's motion for sanctions (ECF No. 17) is **GRANTED.** The Court **ORDERS** Plaintiff John H. Underhill to pay sanctions in the amount of $9,528.10 for Best's attorney's fees in this matter.

**IT IS SO ORDERED**.

Date:   September 11, 2018                                    /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge